# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IGNACIO I. LARA, | ) | 1:06-cv-01577-LJO-TAG  HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| CHARLES GILKEY, et al., | ) | ORDER TO FILE OBJECTIONS WITHIN |
| | ) | TWENTY DAYS |
| Respondents. | ) | |
| | ) | (Doc. 1) |

Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 6, 2006, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). In that petition, Petitioner alleges he is confined in the California City Correctional Institution and that Respondent is "not allowing inmates in 'the SHU' at California City [to] have access to the law library books...." (Doc. 1, p. 8). As a remedy, Petitioner requests that this Court assist him "on these issues." (Id.). Petitioner also contends that Respondent has not paid him for the months of May 2006 and that "they keep showing me different paycheck copy's [sic] with different amounts at this facility." (Id.).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."

1

Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983, where the defendants are state actors, or proceeding on a Bivens[1] theory where the defendants are federal actors, is the proper method for a prisoner to challenge the **conditions** of that confinement. See McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332.

Petitioner has filed the instant petition on a form apparently used in the United States District Court for the District of Wyoming that is styled as a "Prisoner Civil Rights Complaint pursuant to 42 U.S.C. 1983." (Doc. 1, p. 1). Thus, it appears that Petitioner recognizes that he is raising a civil rights claim, not a proper habeas claim. Moreover, as explained above, Petitioner is not questioning the fact, duration, or degree of his confinement. Rather, Petitioner is challenging the conditions of his confinement, specifically, Respondent's policies regarding use of law library facilities by inmates confined to the Special Housing Unit. Petitioner is also challenging Respondent's system of paying inmates. However, habeas corpus relief is not available to review of the conditions of a petitioner's confinement such as those mentioned above. See Crawford, 599 F.2d at 891-892. This is because condition of confinement claims are not redressable through a habeas corpus petition. Id. at 891-892. The appropriate remedy for such violations, if proven, would be a judicially mandated change in conditions and/or an award of damages; however, release from confinement is the **only** remedy available through habeas corpus. Id. at 892. Petitioner has asked for "assistance" on the issues of law library access and payment for his work during May 2006. The Court, through habeas corpus, can give petitioner neither remedy. Petitioner's claims, because they concern the conditions of his confinement, are

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

2

simply not cognizable on habeas corpus. As such, this action is not proper as a habeas corpus petition.

Even were the Court to construe the petition as a proper habeas petition, the Court would still have to recommend dismissal since Petitioner does not appear to have attempted to exhaust his remedies. Regardless of whether this action is a habeas corpus petition under 28 U.S.C. § 2241 or a complaint under Bivens, a federal prisoner must exhaust administrative remedies before bringing his claims to federal court. See Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991) (Bivens action); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (§ 2241 habeas petition). Federal prisons have a specific procedure in place by which prisoners can present claims to prison officials. See Martinez, 804 F.2d at 571 (describing procedure for bringing claims to prison administration); Lyle v. Sivley, 805 F.Supp. 755, 757 (D. Ariz. 1992) (same).

The only evidence Petitioner has provided of his efforts to exhaust his claims is a copy of a request made to Respondent for "law library time." (Doc. 1, p. 10). The form contains a handwritten notation, "Unable to bring law books to the SHU." (Id.). This evidence is inadequate to support a conclusion that Petitioner has fully exhausted his administrative remedies.

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.

These Findings and Recommendation are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to

28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 5, 2007**                              **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE